**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

VERONIC STEPP,

    Plaintiff,

v.                                                                                                       No. Civ. 09-949 LH/WDS

KENNESAW TRANSPORTATION, INC.,
and ENTIQUIO TORRES,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court *sua sponte*, following its review of the Notice of Removal filed by Defendant Kennesaw Transportation, Inc. ("Defendant Kennesaw"). Plaintiff filed her Complaint on July 20, 2008, in the Second Judicial District Court, County of Bernalillo, State of New Mexico. Thereafter, on September 29, 2009, Defendant Kennesaw filed its Notice of Removal with this Court. Having reviewed the Complaint and Notice of Removal, the Court concludes that the allegations are insufficient to establish diversity jurisdiction and that the case should therefore be remanded to the Second Judicial District Court.

    Defendant alleges that Plaintiff is a "resident" of New Mexico,[1] that Defendant Kennesaw Transportation's principal place of business is in Georgia, that Defendant Entiquio Torres

---

[1] As a preliminary matter, the Court notes that neither the facts set forth in the Complaint nor the Notice of Removal sufficiently establish the *citizenship* of Plaintiff or Defendant Torres. Jurisdiction under Section 1332 requires diversity of *citizenship*, not residence, and the party asserting jurisdiction must plead *citizenship* distinctly and affirmatively. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for purposes of establishing diversity."); *see also Joyce v. Chesrown*, No. Civ. 08-04 LH/WPL (D.N.M. July 2, 2009). By omitting the citizenship of the parties, the Defendant Kennesaw's notice fails to properly state a basis for subject matter jurisdiction. Although the Court would generally grant a removing party leave to amend its notice of removal when confronted with such a technical defect, remand remains the proper course here, where Defendant has failed to meet its burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

("Defendant Torres") is a "resident" of Florida, that the amount in controversy exceeds $75,000, and that jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. [Doc. 1.]

The Federal Rules of Civil Procedure direct that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Tuck v. United Servs. Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (quoting Fed. R. Civ. P. 12(h)(3)).  The court has a duty to determine the matter *sua sponte*. *Id.* A court lacking jurisdiction must dismiss the cause at any stage of the proceedings when it becomes apparent that jurisdiction is lacking. *Penteco Corp. Ltd. Partnership--1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).  Because federal courts are courts of limited jurisdiction, the party invoking federal jurisdiction bears the burden of proof with a presumption against federal jurisdiction.  *Id.*  The Constitution provides that the "judicial Power shall extend to . . . Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2.  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — citizens of different States." 28 U.S.C. § 1332(a).  When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, *see* 28 U.S.C. § 1441(a), provided that no defendant "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

The federal statute providing for the removal of cases from state to federal court, however, was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957).  Indeed, the Tenth Circuit has cautioned district courts that they "must rigorously enforce Congress' intent to restrict  federal

jurisdiction." *Miera v. Dairyland Insur. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

The amount in controversy is generally determined by the allegations of the complaint, or if they are not dispositive, by the allegations in the notice of removal. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). When the amount in controversy is not apparent on the face of the complaint, a federal court must attempt to ascertain the amount in controversy by considering (1) plaintiff's cause of action as alleged in the complaint, (2) the notice of removal defendant filed with the federal court, and (3) other relevant materials in the record. *Varela v. Wal-Mart Stores, East, Inc.*, 86 F. Supp. 2d 1109, 1111 (D.N.M. 2000) (Baldock, J., sitting by designation). "It would be an overreading of *Laughlin* to ignore the context of the case, as informed by the substance of the complaint or by other material in the record at the time of removal." *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1305 (D.N.M. 2001) (Kelly, J., sitting by designation). Courts may therefore consider "the substance and nature of the injuries and damages described in the pleadings, any attorney affidavits filed prior to or in connection with the removal notice, a plaintiff's prior admission in open court that the value of the claim exceeds the jurisdictional amount, or even a plaintiff's refusal to stipulate or admit that he or she is not seeking damages in excess of the requisite amount." *Id.* at 1306.

The burden is on the party requesting removal to set forth in the notice of removal the underlying facts supporting the assertion that the amount in controversy exceeds $75,000. *Laughlin*, 50 F.3d at 873. Once again, there is a presumption against removal jurisdiction, and uncertainties as to jurisdiction are resolved in favor of remand. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092,

1095 (11th Cir. 1994)). When the plaintiff's damages are unspecified in the complaint, the defendant must affirmatively establish the jurisdictional amount by at least a preponderance of the evidence. *See id.* Punitive damages and attorney's fees may be considered in determining the amount in controversy. *See Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1217-18 (10th Cir. 2003). Costs and interest, however, are excluded. *See* 28 U.S.C. § 1332(a).

In this case, Plaintiff has alleged state claims for negligence and *negligence per se.* She asserts that Defendant Torres was operating a semi-truck owned by Defendant Kennesaw on July 20, 2007, when the semi-truck struck her vehicle. [Doc. 1, Ex. A, at ¶ 17.] According to her Complaint, Plaintiff seeks damages for bodily injury, past, present, and future pain and suffering, loss of enjoyment of life, lost wages, future loss of earning capacity, past and future medical expenses, loss of household services, and punitive damages. *Id.* at ¶¶ 28, 38. She does not, however, allege in her Complaint a specific amount of damages, nor does she provide any details as to the extent of her injuries, the amount of her medical expenses, or her earning capacity. It is therefore not clear from the face of the Complaint that the amount in controversy exceeds $75,000. As a result, the Court must turn to the Notice of Removal.

In the notice, Defendant Kennesaw provides little additional detail as to Plaintiff's injuries or her other alleged damages. Rather, Defendant indicates that Plaintiff has incurred approximately $21,000 in medical bills and that the "remaining claim of damages remains unknown, but upon information and belief, the combined total would exceed the jurisdiction amount of $75,000." [Doc. 1, at 2.] Defendant Kennesaw maintains that its "belief" that the jurisdictional amount is met is "based upon Kennesaw Transportation's knowledge of the injury

4

alleged[2] and Plaintiff's pre-litigation settlement demands.[3]" *Id.* Yet Defendant provides the Court with no factual predicate for such a "belief" beyond these vague and conclusory assertions. For instance, Defendant provides no information as to the precise amount of Plaintiff's settlement demands, no information related to its understanding of Plaintiff's purported injuries, and no economic analysis of the non-medical-expense damages alleged. Indeed, the only figure provided by Defendant is $54,000 shy of the jurisdictional amount.

Consequently, Defendant has failed "to set forth, in the notice of removal itself, the 'underlying facts supporting the assertion that the amount in controversy exceeds [$75,000].'" *Laughlin v. Kmart Corp.*, 50 F.3d at 873 (quoting *Gause v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). A removing defendant must set forth not only his good faith belief as to the amount in controversy but also the facts underlying that belief. *See id.* Defendant's assertions – made "upon information and belief" and devoid of factual detail – do not establish by a preponderance of the evidence that the jurisdictional amount is met. Likewise, absent information as to the severity of Plaintiff's injuries, the Court is unable to make any reasonable inferences that the injuries give rise to a claim in excess of $75,000. Simply put, the Court is not satisfied, based on the record before it, that Plaintiff's damages give rise to a claim in excess of $75,000.

Because Defendant's removal appears to be based on speculation as to the amount of damages, rather than underlying facts of the minimum jurisdictional amount proven by a

---

[2] While courts have at times concluded that the severity of injuries in an auto accident, coupled with detailed prayers for relief, support an inference that the jurisdiction amount was established, *see Hanna v. Miller*, 163 F. Supp. 2d 1302, 1307 (D.N.M. 2001), the record here is insufficient to support such inferences.

[3] The Court acknowledges that settlement offers are relevant, and sometimes compelling, evidence as to the amount in controversy if the offers appear to reflect a reasonable estimate of the plaintiff's claim. *See, e.g., Brunacini v. Valencia-Bosque Farms Phillips 66,* No. Civ. 99-642 LFG (D.N.M. Aug. 23, 1999); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Here, however, Defendant provides no detail as to the amount of Plaintiff's settlement demands, leaving the Court unable to assess the value of Plaintiff's claim on this basis.

preponderance of the evidence, and given that uncertainties as to jurisdiction are resolved in favor of remand, the Court determines that this case should be remanded for lack of subject matter jurisdiction.

      **IT IS THEREFORE ORDERED** that this case is **REMANDED** to the Second Judicial District Court for the State of New Mexico.

                                                    _____
                                                    SENIOR UNITED STATES DISTRICT JUDGE