**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

VERONICA STEPP,

      Plaintiff,

v.                                                  No. Civ. 09-949 LH/WDS

KENNESAW TRANSPORTATION, INC.,
and ENTIQUIO TORRES,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Defendant Kennesaw Transportation, Inc.'s ("Defendant Kennesaw's") Motion for Leave to File an Amended Notice of Removal [Doc. 12], filed October 28, 2009. The issue presented is whether this Court, having previously remanded the matter to State court, has jurisdiction to rule on Defendant Kennesaw's pending motion. Because the Court determines that it presently lacks jurisdiction to take further action in this case, the Court will deny the motion.

      On October 26, 2009, this Court issued a Memorandum Opinion and Order, *sua sponte*, remanding this matter to the Second Judicial District Court for lack of diversity jurisdiction. [Doc. 10.] On that same date, the Clerk of the Court for the United States District Court for the District of New Mexico mailed a certified copy of the remand order to the Second Judicial District Court. [Doc. 11.] Thereafter, on October 28, 2009, Defendant Kennesaw filed its Motion for Leave to File Amended Notice of Removal. [Doc. 12.]

      It is well-settled that once a district court certifies a remand order to state court, it is divested

of jurisdiction and can take no further action on the case. *See, e.g., Seedman v. U.S. Dist. Court for Cent. D. of Cal.*, 837 F.2d 413, 413 (9th Cir. 1988); *New Orleans Publ. Serv., Inc. v. Mojoue*, 802 F.2d 166, 167 (5th Cir. 1986); *Three J Farms, Inc. v. Alton Box Bd. Co.*, 609 F.2d 112, 115 (4th Cir. 1979); *Federal Deposit Insur. Corp. v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir. 1979); *see also Schoen v. Presbyterian Health Plan, Inc.*, Nos. Civ. 08-0687 JB/WDS, 08-0970 JB/WDS, 2009 WL 2450277, at *1-3 (D.N.M. July 29, 2009) (determining that a federal district court lacks jurisdiction over a remanded case and is therefore foreclosed from reconsidering its remand determination); 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise.") As such, this Court was divested of jurisdiction on October 26, 2009 and cannot now entertain Defendant Kennesaw's motion.

Notably, an unsuccessful removal attempt does not necessarily preclude subsequent removal attempts, at least where there is a different factual basis for seeking removal. *See S.W.S. Erectors, Inc. v. Infax, Inc*., 72 F.3d 489, 493 (5th Cir. 1996). According to § 1446(b), "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b). Moreover, § 1446(b) allows for more than one notice of removal. *See, e.g., O'Bryan v. Chandler*, 496 F.2d 403, 408 (10th Cir. 1974), *cert denied*, 419 U.S. 986 (1974). However, although a federal court may sometimes exercise jurisdiction based upon a subsequent notice of removal after remand, provided the notice is timely and otherwise meets the requirements of § 1446, the Court remains without jurisdiction to entertain a motion to amend at this juncture.

**IT IS THEREFORE ORDERED** that Defendant Kennesaw's Motion for Leave to File Amended Notice of Removal is hereby **denied**.

_____
SENIOR UNITED STATES DISTRICT JUDGE